**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN DOE,** | : | **CIVIL ACTION NO. 1:26-CV-173** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **CRAIG LOWE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is a motion from the petitioner, John Doe, for attorney's fees under the Equal Access to Justice Act. ("EAJA"). (Doc. 31). The defendant opposes the motion (Doc. 33), arguing among other things that the court should stay this matter *sua sponte* until the resolution of a case recently granted cert by the Supreme Court, Palacios v. Liggins, No. 25-1223, 2026 WL 1855057 (June 29, 2026).[1] After careful consideration, the court will stay the proceedings.

A stay of proceedings is "an exercise of judicial discretion. The propriety of its issue is dependent upon the circumstances of the particular case." Virginian Ry. Co. v. U.S., 272 U.S. 658, 672-73 (1926). Further, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh

---

[1] Defendant also makes arguments as to the substance of plaintiff's EAJA motion, but as the court is staying the proceedings, those arguments are not considered at this time.

competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936) (citing Kansas City Southern R. Co. v. United States, 282 U.S. 760, 763, (1931); Enelow v. New York Life Ins. Co., 293 U.S. 379, 382 (1935)).

The Third Circuit has held that attorneys may apply for EAJA fees in immigration matters such as this one, Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418 (3d. Cir. 2026) (concluding habeas proceedings are "civil actions" for EAJA purposes). But other circuits have held in the opposite, see e.g. Obando-Segura v. Garland, 999 F.3d 190, 193 (4th Cir. 2021) (concluding that habeas proceedings are not a "civil action" under EAJA). The Supreme Court has granted cert on Palacios v. Liggins, which will resolve the split.

The pending case before the Supreme Court is potentially dispositive to this matter, and so the court will stay the instant motion until that case's resolution. Should the Supreme Court decide the circuit split in the Third Circuit's favor, the petition can be considered at that time, and the petitioner will suffer no great harm besides a delay in adjudicating the appropriateness of counsel's potential fee. Given that petitioner's counsel apparently took the case with no guarantee of payment, the court sees such a delay as an acceptable if frustrating inconvenience to petitioner's counsel. In contrast, should the Supreme Court hold in the opposite of the Third Circuit here, the motion will resolve without further briefing or work by the court or the parties. Overall, that potential savings to judicial economy merits a stay, and the potential harm to the litigants does not outweigh that benefit.

An appropriate order follows.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania